IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| AMELIA H. RUTLEDGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:14CV45 |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

In this case, Plaintiff Amelia H. Rutledge ("Plaintiff") filed an Original Complaint [Doc. #1], asserting claims for gender discrimination under Title VII of the Civil Rights Acts of 1964 and for intentional discrimination under Section 1981 of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 1981, 1983. This matter is before the Court on a Motion to Dismiss [Doc. #7] filed by Defendant North Carolina Department of Revenue ("Defendant"), pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3),[1] and 12(b)(6) of the Federal Rules of Civil Procedure. In response to Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint [Doc. #10] and a Response [Doc. #11] to Defendant's Motion to Dismiss, which incorporated the allegations from Plaintiff's Amended Complaint in arguing that Defendant's Motion to Dismiss should be denied. Defendant filed a Reply [Doc. #14], which asserted that the Court should not consider Plaintiff's Amended Complaint because it was

---

[1] This matter was previously filed in the United States District Court for the Western District of North Carolina. Defendant's Motion to Dismiss, which is currently before this Court, was previously heard in the Western District and pursuant to Defendant's 12(b)(3) Motion, this matter was transferred to this District. As such, the Court will disregard Defendant's Motion to Dismiss, to the extent it has filed such a Motion pursuant to Rule 12(b)(3) (the venue dismissal provision) as that issue was previously heard and resolved in the Western District.

untimely filed. On August 21, 2014, the Court held a hearing on Defendant's Motion to Dismiss. For the reasons discussed herein, and stated in open Court on August 21, 2014, the Court will accept Plaintiff's Amended Complaint. Therefore, the Court will deny Defendant's Motion to Dismiss without prejudice to Defendant filing a new motion to dismiss, with respect to the allegations in Plaintiff's Amended Complaint, within twenty-one (21) days of the Court's oral Order stated at the Motion hearing on August 21, 2014.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2012, Plaintiff filed her Original Complaint, which alleges discriminatory practices by Defendant, Plaintiff's employer. Plaintiff alleges in her Original Complaint that she was hired by Defendant as an employee on October 23, 1989. (Orig. Compl. [Doc. #1], at ¶ 8.) Plaintiff alleges that the facts relevant to the instant lawsuit relate to the employment practices in the Examination Division, formerly known as the Motor Fuels Tax Division. (Id. at ¶ 7.) Plaintiff alleges that she was a "highly qualified" female employee. (Id. at ¶ 5.) Plaintiff alleges that Defendant "had several work place policies both in the State Personnel Handbook and/or Department of Revenue policies that required new positions to be posted, recruited and[/]or filled based upon objective criteria." (Id. at ¶ 11.) Despite these policies, however, Plaintiff alleges that Defendant "recruited, promoted and placed [sic] Scotty Miller (male) and Clint Hester (male)." (Id. at ¶ 12.) Plaintiff further alleges that on more than one occasion, she was "passed over for promotions, increased work responsibility and/or a higher profile supervisory position" even though she alleges that she was just as qualified as similarly situated male employees. (Id. at ¶¶ 10, 13.) Plaintiff alleges that she was subject to "an

2

increased level of hostility in the work environment" after Miller and Hester were promoted. (Id. at ¶ 16.) Specifically, Plaintiff alleges that on or about June 10, 2011, Miller, the manager of Motor Fuels-West Division, informed Plaintiff that "she was under investigation for accountability." (Id. at ¶¶ 7, 17.) Plaintiff alleges that although the asserted accountability violation occurred prior to Miller's promotion as Plaintiff's supervisor, Miller still investigated Plaintiff. (Id. at ¶ 17.) The investigation remained in an "ongoing status" for several months and in December 2011, Plaintiff alleges that she was demoted. (Id. at ¶¶ 18, 19.)

Plaintiff also generally alleges, in her Original Complaint, that Defendant intentionally discriminated against her and denied her equal terms and conditions of her employment by engaging in some of the following employment practices. Plaintiff alleges that Defendant maintains "glass walls" and a "glass ceiling" that prevent female employees from advancing in Defendant's workplace. (Id. at ¶¶ 26, 27.) More specifically, Plaintiff alleges that the "glass walls", in effect, "segregate the Motor Fuel Audit Division into divisions where female leadership is acceptable, and divisions where it is not" and the "glass ceiling" creates a barrier to female employees advancing "to upper management levels in the Motor Fuel Audit Division." (Id. at ¶¶ 26, 27.) Plaintiff further alleges that Defendant maintained written and unwritten policies that "allow[s] managers, at their discretion and with much approval and oversight of human resources personnel, to reclassify employees with the understanding that the higher position would receive a higher control point and eventually an increase in salary"; however, the policy does not have any administrative limitations that "would prevent misuse for . . . illegal discriminatory purposes." (Id. at ¶¶ 23, 29.) Plaintiff also alleges that Defendant facilitated these

3

practices by "failing to monitor and oversee employment and human resources practices and by failing to provide adequate training and oversight of Alan Woodard and other management personnel during the relevant period, to ensure that state employment policies were/are applied consistently and in a nondiscriminatory manner." (Id. at ¶ 23(d).)

Based on the above allegations in her Original Complaint, Plaintiff has alleged violations under Title VII, for continuing sex/gender discrimination, and under §§ 1981 and 1983, for intentional discrimination. Specifically, the basis of Plaintiff's claims, in her Original Complaint, appear to be that Defendant failed to promote her and that Defendant demoted her for discriminatory reasons in violation of Title VII and §§ 1981 and 1983. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 15, 2012. The EEOC issued its right to sue letter on or about September 19, 2012, which was postmarked on September 20, 2012.[2] Plaintiff did not receive the right to sue letter until after September 20, 2012. Plaintiff initiated this instant lawsuit by filing her Original Complaint [Doc. #1], on December 19, 2012. The lawsuit was originally filed in the United States District Court for the Western District of North Carolina but was subsequently transferred to this District, by written Order, on December 4, 2013. (See Order dated December 4, 2013 [Doc. #19].) Now pending before the Court is Defendant's Motion to Dismiss [Doc. #7], which was filed on April 29, 2013. Plaintiff filed an Amended Complaint [Doc. #10] and a Response [Doc. #14] to Defendant's Motion to Dismiss on June 14, 2013. Although Plaintiff filed a Response to

---

[2] Plaintiff alleges that the right to sue letter was postmarked on *December* 20, 2012. (Orig. Compl. at ¶ 3(d).) However, it appears that this reference is a mistake, as the envelope containing Plaintiff's right to sue letter, which is attached to Plaintiff's Original Complaint, was postmarked on September 20, 2012. (See Right to Sue Letter and Envelope [Doc. #1-1].)

4

Defendant's Motion to Dismiss, her arguments in her Response address the new allegations that were alleged in her Amended Complaint.[3]  However, Defendant's Motion to Dismiss was filed to request dismissal of Plaintiff's Original Complaint, not Plaintiff's Amended Complaint (as the Amended Complaint had not yet been filed at the time Defendant filed its Motion to Dismiss). On July 22, 2013, Defendant filed a Reply [Doc. #14] to Plaintiff's Response, which asserted that the Court should disregard Plaintiff's Amended Complaint in this case.  However, Defendant's Reply did not address any of the new allegations in Plaintiff's Amended Complaint. As Defendant has filed a Reply in this case, the matters are fully briefed and ripe for review and the Court will address the parties' arguments in turn.  Furthermore, to the extent the Court considers any new facts alleged in Plaintiff's Amended Complaint in resolving the arguments asserted by the parties, the Court will discuss such facts in the relevant and appropriate context below.

II.     DISCUSSION

As a preliminary matter, the Court will address whether it will consider Plaintiff's Amended Complaint before discussing the arguments asserted in Defendant's Motion to Dismiss.  For the purposes of clarity, the Court will again summarize the procedural posture, as it relates to Plaintiff's pleadings and Defendant's Motion to Dismiss, in this case.  Plaintiff filed her Original Complaint [Doc. #1] on December 19, 2012.  In response to Plaintiff's Original Complaint, Defendant filed a Motion to Dismiss [Doc. #7] on April 29, 2013.  On June 14,

---

[3] The new allegations in Plaintiff's Amended Complaint appear to be an attempt to cure the defects in her Original Complaint, based on the arguments asserted by Defendant in its Motion to Dismiss.

5

2013, Plaintiff filed a Response [Doc. #11] to Defendant's Motion to Dismiss. However, on that same day, Plaintiff also filed an Amended Complaint [Doc. #10]. Furthermore, Plaintiff's Response to Defendant's Motion to Dismiss analyzed the allegations in Plaintiff's Amended Complaint in Plaintiff's request to deny Defendant's Motion to Dismiss; however, Defendant's Motion to Dismiss was directed at Plaintiff's Original Complaint [Doc. #1], not Plaintiff's Amended Complaint [Doc. #10]. Thus, in Defendant's Reply [Doc. #14] to Plaintiff's Response, Defendant has requested that the Court disregard Plaintiff's Amended Complaint because (1) Plaintiff did not file her Amended Complaint within the time period that allows a plaintiff to amend a complaint as a matter of course and (2) Plaintiff did not request leave from the Court to file an Amended Complaint and Defendant opposes any amendment in this case. Alternatively, Defendant has requested to file a responsive pleading or a new motion to dismiss in response to Plaintiff's Amended Complaint, if the Court accepts Plaintiff's Amended Complaint. The Court will address these arguments in turn.

In this case, Defendant contends that the Court should not grant Plaintiff leave to amend her Original Complaint—and, thus, the Court should not accept Plaintiff's Amended Complaint—because Plaintiff did not request leave to amend her Original Complaint before filing her Amended Complaint.[4] Pursuant to Rule 15(a)(2) of the Federal Rules of Civil

---

[4] The Court notes that Plaintiff has conceded (as stated in open Court at the Motion hearing in this case), that Plaintiff's Amended Complaint was not filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of

Procedure, if an amended pleading is not filed as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court notes that "[i]n general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1484, at 685 n.17 (3d ed. 2010) (citing United States ex rel. Matthews v. Health South Corp., 332 F.3d 293 (5th Cir. 2003) for the proposition that "a second amended complaint . . ., initially delivered without first requesting leave of the district court and resubmitted along with a request for leave, had no legal effect until the district court granted leave to file it."). Nevertheless, some courts have held that "an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." Id. at 685-86 (citing cases). Additionally, Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires."

---

a motion under Rule 12(b) . . . .

Fed. R. Civ. P. 15(a)(1). Defendant filed its Motion to Dismiss on April 29, 2013 and Plaintiff served her Amended Complaint on June 14, 2013. As such, and based on Plaintiff's concession at the Motion hearing, the Court acknowledges that Plaintiff's Amended Complaint was served more than twenty-one (21) days after Defendant filed its Motion to Dismiss. Therefore, Rule 15(a)(1), which would allow a plaintiff to amend a complaint once as a matter of course within twenty-one (21) days after being served with a Rule 12(b) motion to dismiss, is not applicable in this case. Thus, the Court will only address whether it will consider Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), as discussed below.

In this case, Plaintiff has filed an Amended Complaint, which was served outside of the time period for the Amended Complaint to be deemed an amendment as a matter of course, see supra n.4, without requesting leave from the Court.[5]  Thus, it is within the Court's discretion to determine whether it will accept Plaintiff's Amended Complaint.  Cf. Smithfield Bus. Park, LLC v. SLR Int'l Corp., 5:12-CV-282-F, 2014 WL 3738217, at *10 (E.D.N.C. July 29, 2014) ("[L]eave to amend it 'not automatically granted,' Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), and a district court has discretion to deny amendment so long as the court does not 'outright refuse "to grant the leave without any justifying reason." ' " (quoting Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)))).  In this case, the Court will accept Plaintiff's Amended Complaint because it appears that the Court would have provided Plaintiff an opportunity to amend her Original Complaint to cure any defects in her pleadings had she requested leave from the Court.  This is because Plaintiff's Amended Complaint provides a basis to combat Defendant's contention that Plaintiff's allegations fail to state an adverse employment action under Title VII,[6]

---

[5] Furthermore, Defendant has stated that it opposes the filing of Plaintiff's Amended Complaint in this case.  See Fed. R. Civ. P. 15(a)(2) (requiring the requesting party to obtain the opposing party's consent or leave of court prior to filing an amended pleading when the amended pleading would be filed outside of the time parameters set forth in Rule 15(a)(1)).

[6] Both parties agree, and the Court acknowledges, that Plaintiff is required to allege an adverse employment action to state a Title VII discrimination claim.  See Prince-Garrison v. Md. Dep't of Health & Mental Hygiene, 317 F. App'x 351, 353 (4th Cir. 2009) (stating that to allege a Title VII disparate treatment claim, a plaintiff must allege, *inter alia*, an adverse employment action); see also Boone v. Goldin, 178 F.3d 253, 256 (4th Cir. 1999) (noting the "clear precedent indicating that Title VII awards damages only against employers who are proven to have taken adverse employment action for a discriminatory reason . . . ." (internal citation and quotation marks omitted)).

as Plaintiff's Amended Complaint provides additional facts to support her contention that she suffered an adverse employment action–specifically, demotion, at Defendant's workplace. Because Defendant has not yet had an opportunity to respond to Plaintiff's new factual allegations asserted in her Amended Complaint, it would appear that Plaintiff's Amended Complaint could have the effect of curing the defects cited by Defendant in its previously filed Motion to Dismiss. Furthermore, Plaintiff's Amended Complaint provides a basis to refute Defendant's argument that Plaintiff's EEOC Charge was untimely filed in this case. Indeed, at the Motion hearing for this matter, Defendant conceded that based on the allegations in Plaintiff's Amended Complaint, Plaintiff's EEOC Charge was timely filed[7] as it relates to the claims asserted in Plaintiff's Amended Complaint.

Also, it does not appear that Defendant would be prejudiced if the Court accepted Plaintiff's Amended Complaint. Defendant has not yet conducted any significant discovery, Laber v. Harvey, 438 F.3d 404, 428 (4th Cir. 2006) (finding that the defendant would not be prejudiced by an amendment to the complaint where no significant discovery was conducted), nor has Defendant argued that any affirmative defense to Plaintiff's claims would be precluded if the Court accepted Plaintiff's Amended Complaint, Matthews, 332 F.3d at 297 (finding that

---

[7] Specifically, Plaintiff has asserted in her Amended Complaint that her EEOC charge was filed within 279 days after she was subject to the alleged discriminatory internal investigation and 99 days after she was demoted and stripped of her supervisory responsibilities. (See Am. Compl. at ¶ 10(d).) Plaintiff has also asserted that under Title VII, she had 300 days to respond to file her EEOC Charge in this case because the State of North Carolina and the EEOC have a referring agency agreement. (Id. at ¶ 10(b).) Pursuant to 42 U.S.C. § 2000e-5(e)(1), a Plaintiff may file an EEOC Charge within 180 days or within 300 days of an unlawful employment practice and § 2000e-5(e)(1) outlines when either limitation period applies. Defendant has conceded that the 300-day limitation period applies in this case.

a loss of an affirmative defense—a statute of limitations defense—would prejudice the defendant if the court accepted the plaintiff's second amended complaint, where the plaintiff did not request leave from the court to file such an amendment). Actually, Defendant has not argued that it would be prejudiced if the Court accepted Plaintiff's Amended Complaint. As such, the Court finds that any lack of prejudice weighs in favor of granting Plaintiff leave to amend her Original Complaint (or in essence, accepting Plaintiff's already filed Amended Complaint). Therefore, for the reasons stated above, the Court will accept Plaintiff's Amended Complaint.

Because the Court will accept Plaintiff's Amended Complaint, the Court need not address the arguments made in Defendant's Motion to Dismiss, as those arguments only address Plaintiff's allegations in her Original Complaint. As such, Defendant's Motion to Dismiss is moot because the Original Complaint is "superseded" by Plaintiff's Amended Complaint. Hill v. Spartanburg Reg'l Health Servs. Dist., Inc., No. 7:13-271-MGL, 2013 WL 2395186, at *3 (D.S.C. May 31, 2013) ("Accordingly, the defendant's motion to dismiss . . ., which is directed at the original complaint, should be denied as moot because the original complaint was superseded by the plaintiff's amended complaint."); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476, 636-37 (3d ed. 2010) (once an amended pleading is filed, "the original pleading no longer performs any function in the case."). Thus, the Court will deny Defendant's Motion to Dismiss without prejudice to Defendant filing a new motion to dismiss with respect to the allegations in Plaintiff's Amended Complaint. As the Court has determined that it will accept Plaintiff's Amended Complaint and the Amended Complaint has already been

filed, the Court will grant Defendant's request to file a responsive pleading to, or a new motion to dismiss, Plaintiff's Amended Complaint. The Court will give Defendant twenty-one (21) days, consistent with the time period provided under Rule 12(a)(1)(A)(I) of the Federal Rules of Civil Procedure, to file a responsive pleading to, or a motion to dismiss, Plaintiff's Amended Complaint.

Although the Court will deny Defendant's Motion to Dismiss Plaintiff's Original Complaint, the Court notes that Plaintiff's Amended Complaint no longer asserts a claim for failure to promote or any claim under §§ 1981 and 1983. Plaintiff conceded these points at the Motion hearing before the Court in this matter. As such, Plaintiff has abandoned her failure to promote and §§ 1981 and 1983 claims. See Washington Gas Light Co. v. Prince George's Cnty. Council Sitting as Dist. Council, 784 F. Supp. 2d 565, 571 (D. Md. 2011) ("If an amended complaint omits claims from the original complaint, the plaintiff thereby waives or abandons the original claims." (citing Young v. City of Mount Rainer, 238 F.3d 567, 573 (4th Cir. 2001)). The Court will note for the record that those claims are no longer part of Plaintiff's claims for relief.

III. CONCLUSION

For the reasons stated herein, and stated in open Court on August 21, 2014, the Court will accept Plaintiff's Amended Complaint. As the Court will accept Plaintiff's Amended Complaint, the Court will deny Defendant's Motion to Dismiss, which only addresses the claims and allegations in Plaintiff's Original Complaint, without prejudice to Defendant filing a new motion to dismiss, or a responsive pleading, with respect to the allegations in Plaintiff's Amended Complaint. Defendant will be given twenty-one (21) days, within the time of the

Court's oral Order stated at the August 21, 2014 Motion hearing, to file any such responsive pleading or new motion to dismiss. (See Minute Entry from Motion Hearing dated August 21, 2014). Finally, Plaintiff's failure to promote and §§ 1981 and 1983 claims will be deemed abandoned, as Plaintiff's Amended Complaint no longer asserts those claims.

IT IS THEREFORE ORDERED, that Plaintiff's Amended Complaint [Doc. #10] is HEREBY ACCEPTED. IT IS FURTHER ORDERED, that Defendant's Motion to Dismiss [Doc. #7] is DENIED WITHOUT PREJUDICE to Defendant filing a new motion to dismiss, with respect to the allegations in Plaintiff's Amended Complaint. Defendant must file any responsive pleading to, or a new motion to dismiss, Plaintiff's Amended Complaint within twenty-one (21) days of the Court's oral Order stated at the Motion hearing on August 21, 2014. Finally, the Court notes for the record that Plaintiff's failure to promote and §§ 1981 and 1983 claims are deemed abandoned, as Plaintiff's Amended Complaint no longer asserts those claims.

This, the 29th day of August, 2014.

_____
United States District Judge