IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AMELIA H. RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV45 |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF REVENUE, | ) ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion to Dismiss [Doc. #27] Plaintiff's Amended Complaint filed by Defendant North Carolina Department of Revenue ("Defendant"), pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure. Plaintiff Amelia Rutledge ("Plaintiff") filed a Response [Doc. #29] to the Motion to Dismiss, and Defendant filed a timely Reply [Doc. #30]. For the reasons discussed herein, the Court will grant Defendant's Motion to Dismiss.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2012, Plaintiff filed her Original Complaint in this action against Defendant, her employer. Defendant filed a Motion to Dismiss Plaintiff's Original Complaint. In response to the Motion to Dismiss, however, Plaintiff filed an Amended Complaint without

---

[1]In addition to including the standard of review for a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, Defendant also included the standard of review for Motions to Dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, and Rule 12(b)(2) for lack of personal jurisdiction. It appears, however, that Defendant's Motion to Dismiss is based solely on Plaintiff's alleged failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Accordingly, the Court will disregard Defendant's apparent error in including the standards for Rules 12(b)(1) and 12(b)(2).

seeking leave of Court. Ultimately, the Court granted Plaintiff leave to amend (See Mem. Op. and Order [Doc. #26]), and in doing so the Court denied Defendant's Motion to Dismiss the Original Complaint without prejudice to refiling with respect to Plaintiff's allegations in her Amended Complaint. Thereafter, Defendant filed the Motion to Dismiss Plaintiff's Amended Complaint, which is the Motion at issue for purposes of this Memorandum Opinion and Order.

The factual allegations contained in Plaintiff's Amended Complaint are taken as true for purposes of Defendant's Motion to Dismiss. In her Amended Complaint, Plaintiff alleged a claim for sex discrimination and a hostile work environment claim under Title VII of the Civil Rights Acts of 1964. Plaintiff's claims arose from matters associated with her employment with Defendant. Specifically, Plaintiff alleged that certain adverse employment actions were taken against her when Plaintiff complained about the promotion of Scotty Miller, a male employee in her division. Plaintiff asserted that after she complained to the Director of her division, Alan Woodard, she was "demoted and became subject to an increased level of hostility." (Amend. Compl. [Doc. #10], at ¶ 12.) Plaintiff stated that either Woodard or Miller initiated a "bogus" internal investigation of Plaintiff, and during such investigation she was the subject of daily harassment and hostility. (Id., at ¶ 13.) Additionally, Plaintiff asserted that she was demoted because she no longer has any supervisory responsibility. Plaintiff stated that prior to her complaints concerning Miller's promotion, sixty percent (60%) of her job description was in the form of providing supervision. In further explanation of this alleged discrimination, Plaintiff asserted that the actions were taken against her "because of her sex." (Id., at ¶ 32.) Plaintiff also generally alleged that other females in the division were also subject to a work environment that

differed from their male co-workers.

Defendant seeks dismissal of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to state sufficient facts to state a plausible claim for sex discrimination or a hostile work environment claim. Specifically, as to Plaintiff's sex discrimination claim, Defendant argues that Plaintiff failed to demonstrate that she was subject to an adverse employment action and Plaintiff failed to show how any of Defendant's actions were taken based on Plaintiff's sex. As to Plaintiff's hostile work environment claim, Defendant argues that Plaintiff has not alleged sufficient facts to demonstrate that she was subjected to the severe and pervasive harassment required to sustain such a claim. Additionally, Defendant argues that insomuch as Plaintiff seeks punitive damages and damages for infliction of emotional distress, such damages cannot be sought against Defendant because it is a government agency. Defendant also asserts that, insomuch as Plaintiff is attempting to assert a claim based on a pattern and practice of discrimination, such claim is only proper against the government in a class action suit.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Fourth Circuit has directed that courts " 'take the facts in the light most favorable to the plaintiff,' but '[they] need not accept the legal conclusions drawn from the facts,' and '[they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.' " Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). "To survive a motion to dismiss,

3

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955) (citations omitted). Thus, dismissal of a complaint is proper where a plaintiff's factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683, 129 S. Ct. 1937).

III. DISCUSSION

As Plaintiff appears to be asserting two claims in her Amended Complaint, one for sex discrimination and one based on a hostile work environment, the Court will address each claim separately below. Furthermore, as Defendant indicated, insomuch as Plaintiff's Amended Complaint attempts to assert a claim against Defendant for a pattern and practice of discrimination, such claim cannot stand alone. See Williams v. Giant Food Inc., 370 F.3d 423

4

(4th Cir. 2004) (recognizing that the plaintiff alone could not pursue a cause of action based solely on a pattern or practice of discrimination). Evidence of a pattern and practice, however, may be used to assist in establishing a claim for individual discrimination. Id., at n.3 ("Nevertheless, an individual plaintiff may 'use evidence of a pattern or practice of discrimination to help prove claims of individual discrimination within the McDonnell Douglas framework.' ") (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 759–61 (4th Cir. 1998)). Accordingly, any argument that a pattern and practice of discrimination existed at Plaintiff's place of work, will be considered in conjunction with any other evidence presented as to Plaintiff's claims of individual discrimination.

A. Sex Discrimination Claim

Title VII makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e–2(a)(1). To demonstrate a prima facie case of discrimination under Title VII, a plaintiff must show that (1) she is a member of a protected class, (2) an adverse employment action occurred, (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action, and (4) similarly situated individuals outside of the protected class were treated differently. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). The prima facie case, however, operates as a "flexible evidentiary standard that should not be transposed into a rigid pleading standard for discrimination cases." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

Accordingly, a plaintiff need not allege "specific facts establishing a prima facie case of discrimination" to survive a motion to dismiss. Id. at 508. Nonetheless, while "a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief." Bass v. E.I. Dupont De Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Thus, a plaintiff still must plead sufficient facts to state a plausible claim that she was discriminated against because of being a member of a protected class. See 42 U.S.C. § 2000e–2(a)(1).

The Defendant argues that Plaintiff failed to state sufficient facts to support a claim for relief because she did not assert facts establishing that an adverse employment action occurred or that any action was taken against her based on her sex. Plaintiff asserts in her Amended Complaint that because she no longer has any supervisory responsibility she has been demoted from her prior position, and such a demotion constitutes an adverse employment action. The Supreme Court defines an "adverse employment action" as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus. v. Ellerth, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998). Accordingly, a demotion is considered an adverse employment action. Boone v. Goldin, 178 F.3d 253, 256 (4th Cir. 1999).

Plaintiff's allegation of demotion rests on the assertion that she was stripped of her supervisory responsibilities and now, as an Audit Supervisor, she is only actually performing audits rather than supervising the audits. The Fourth Circuit has stated that a demotion that

6

includes only a "slight decrease in pay coupled with some loss of supervisory responsibilities is insufficient to establish constructive discharge[,]" and, thus, cannot serve as a basis for establishing an adverse employment action. Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994) (internal quotations and citation omitted). Whether a complete loss of supervisory responsibility constitutes an adverse employment action, however, has not been addressed by the Fourth Circuit. Although, other courts addressing this issue, have found that such actions may constitute an adverse employment action. See Hutchinson v. Holder, 668 F. Supp. 2d 201, 215 (D.D.C. 2009) (finding that the a removal of supervisory responsibilities and change of assignments constituted an adverse employment action for purposes of surviving a motion to dismiss); see also Dahm v. Flynn, 60 F.3d 253, 257 (7th Cir. 1994) (finding that drastic qualitative shifts in job responsibilities can rise to the level of an adverse employment action); but see Kidd v. Mando American Corp., 731 F.3d 1196, 1203 (11th Cir. 2013) (finding that because the plaintiff did not show that the loss of her supervisory responsibilities was so substantial and material that it altered the terms, conditions, or privileges of her employment, it did not constitute an adverse employment action). For purposes of Defendant's Motion to Dismiss, the Court finds that Plaintiff's assertion that the stripping of her supervisory responsibilities amounted to a demotion is sufficient to plead an adverse employment action. Whether or not Plaintiff can establish that it was a significant change in her employment, is better determined at the summary judgment stage. As such, Defendant's arguments that Plaintiff was not actually stripped of her supervisory responsibility and that there is no evidence to establish that she was, are not properly before the Court on this Motion to Dismiss.

Notwithstanding Plaintiff's sufficient assertion of an adverse employment action, Plaintiff has failed to allege sufficient facts to state a plausible claim that such action was taken because she is a female. As stated above, while it is not a requirement that a plaintiff plead specific facts establishing her prima facie case, Plaintiff still must allege facts that support her claim for relief. Plaintiff did not provide any allegations in her Amended Complaint that tend to show that she was demoted based on her sex. Furthermore, she has not alleged any facts that would tend to show that other similarly situated males were treated differently than her, so as to allow the Court to infer that she was demoted based on her sex. Instead, she only alleged when she complained about the promotion[2] of two males, she was stripped of her supervisory responsibilities and subjected to a bogus internal investigation. These allegations in no way make it appear that the alleged discriminatory actions were taken against her because of her sex. Rather, the actions appear to have been taken because of her complaints concerning her co-workers promotion, not because of sex. She also summarily stated that "other females were subject to a work environment different than that of male employees employed by the Defendant[.]" (Amend. Compl. [Doc. #10], at ¶ 28.) Such a conclusory statement that is devoid of any factual allegations cannot support a finding that Plaintiff has stated a plausible claim of discrimination. See Luy v. Baltimore Police Dept., 326 F. Supp. 2d 682, 689 (D. Md. 2004) (finding that a plaintiff who provided no factual basis to support that he was treated differently than those outside of his protected class failed to state a claim upon which relief could be

---

[2]The Court notes that Plaintiff has abandoned her earlier claim for failure to promote. (See Mem. Op. and Order [Doc. #26], at 11.)

granted). Accordingly, the Court finds that because she failed to allege any facts that would raise the inference that she was demoted because of her sex, her claim for discrimination based on such demotion will be dismissed despite Plaintiff adequately pleading the adverse employment action requirement.

B.      Hostile Work Environment

Title VII prohibits discrimination that has created a hostile or abusive work environment. Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1984). To establish a sexually hostile work environment, a plaintiff must establish that the harassment (1) was unwelcome; (2) was based upon gender; (3) was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. See Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998); Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 772 (4th Cir. 1997). The second element requires that a plaintiff show that "but for" the plaintiffs gender the plaintiff would not have been the victim of the alleged discrimination. See Causey, 162 F.3d at 801.

In Plaintiff's Amended Complaint under the heading "Hostile Work Environment," Plaintiff stated that after she "expressed concern about Scotty Miller's promotion, Plaintiff was demoted and became subject to an increased level of hostility in the work environment." (Amend. Compl. [Doc. #10], at ¶ 12.) Plaintiff further states that such hostility included daily harassment and the institution of an internal investigation against her. Then, Plaintiff summarily states that such harassment "was based on her gender." (Id., at ¶ 14.) Such an allegation is devoid of any factual content. Furthermore, similar to the Court's finding above concerning

Plaintiff's sex discrimination claim, the Amended Complaint as a whole is devoid of factual allegations that suffice to assert a plausible claim that the harassment was a result of her gender. Accordingly, the Court finds that because Plaintiff has also failed to provide any factual allegations that the harassment was because of her gender, she has failed to assert a hostile work environment claim.

IV. CONCLUSION

In sum, the Court grants Defendant's Motion to Dismiss because Plaintiff has failed to assert any factual allegations supporting a plausible claim that an adverse employment action was based on Plaintiff's sex, or the harassment was the result of Plaintiff's gender.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #27] is hereby GRANTED.

This the 25th day of February, 2015.

United States District Judge